# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JONNIE CROCKETT, III,**

    Petitioner,

v.

**WARDEN, MADISON CORRECTIONAL INSTITUTION,**

    Respondent.

Case No. 2:16-cv-852
Judge Michael H. Watson
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On April 16, 2018, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. R&R, ECF No. 10. Petitioner filed an Objection to the Magistrate Judge's Report and Recommendation. Obj., ECF No. 11. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's Objection, ECF No. 11, is **OVERRULED**. The R&R, ECF No. 10, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealabililty.

This case involves Petitioner's underlying criminal convictions after a jury trial in the Franklin County Court of Common Pleas on felony murder and two counts of child endangering. Petitioner asserts that the evidence is constitutionally insufficient to sustain his conviction on felony murder (claim one);

that he was denied a fair trial because the trial court failed to issue a jury instruction on the lesser-included offense of involuntary manslaughter (claim two); and that he was denied the effective assistance of trial counsel (claim three). The Magistrate Judge recommended dismissal of the latter claim as procedurally defaulted and dismissal of Petitioner's remaining claims as without merit.

Petitioner objects to the Magistrate Judge's recommendations. He maintains that the State failed to prove that he proximately caused Iszacc Crockett's death, as the child actually died as a result of complications or an error in medical care while he remained in a comatose state as a result of his injuries during his ten-month hospital stay. Petitioner argues that the state appellate court's decision is based on an unreasonable determination of the facts and that his conviction on felony murder is unconstitutionally based on mere speculation and an impermissible stacking of inferences. Petitioner also contends that the appellate court unreasonably determined that the evidence did not warrant a lesser-included jury instruction on involuntary manslaughter and that he thereby was denied a fundamentally fair trial. Finally, Petitioner objects to the recommendation of dismissal of his claim for denial of effective assistance of counsel as procedurally defaulted based on his failure to raise the issue in the Ohio Supreme Court. Petitioner now argues that, in view of the Supreme Court's decisions in *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013), and under *Gunner v. Welch*, 749 F.3d 511, 514 (6th Cir. 2014), the

denial of the effective assistance of appellate counsel in the filing of his appeal to the Ohio Supreme Court may establish cause for this procedural default.

Petitioner's arguments are not persuasive. For the reasons already articulated in detail by the state appellate court and in the Magistrate Judge's R&R, Petitioner's claim that his conviction on felony murder can only be supported by the stacking of impermissible inferences and mere speculation lacks plausibility. As discussed, numerous experts testified that the child died as a result of the abusive head trauma suffered during the time that he was in the sole care of the Petitioner and disputed the accuracy of Dr. Young's sole alternative possible explanation for the child's injuries. The injuries the child sustained caused him to be hospitalized and in a coma with no voluntary movement for several months, during which time his feeding tube became dislodged from his stomach, and he died. In view of these facts, the state appellate court did not unreasonably conclude that Petitioner's actions were the direct and proximate cause of death. "On habeas review, the relevant question is whether the state court's decision finding that sufficient evidence was presented to show proximate cause fell below the 'threshold of bare rationality.'" *Bell-Cook v. Bergh*, No. 2:13-cv-12963, 2013 WL 3873171, at *5 (E.D. Mich. July 25, 2013) (quoting *Coleman v. Johnson*, 566 U.S. 650, 656 (2012)). Additionally, the Court agrees with the decision of the United States District Court for the Northern District of Ohio in *Spates v. Harris*, No. 1:16-cv-1262, 2017 WL 7792506, at *13 (N.D. Ohio Sept. 13, 2017), concluding that this Court defers to the state court's

interpretation of Ohio law on "the theories of natural consequences and intervening causes and their application[.]" (citing *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005)).

Also, and because the United States Supreme Court has not held that Petitioner is constitutionally entitled to a jury instruction on a lesser included offense, Petitioner's second claim does not provide him relief. *See Howard v. Dewine*, No. 5:14-cv-2587, 2016 WL 2637757, at *8 (N.D. Ohio April 6, 2016). Further, and despite Petitioner's argument to the contrary, the record does not support his claim that the lack of a jury instruction on the lesser-included offense of involuntary manslaughter violated due process. *See Henderson v. Kibbe*, 431 U.S. 135, 154 (1977) (citing *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).

Moreover, Petitioner fails to establish cause for his procedural default. The right to counsel extends to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Under the rule of *Coleman v. Thompson*, 501 U.S. 722 (1991), attorney error in proceedings wherein there is no right to counsel—such as in the filing of a motion for a discretionary appeal with the Ohio Supreme Court—cannot serve as cause for a procedural default. *See Tomlinson v. Bradshaw*, No. 5:13-cv-1808, 2015 WL 106060, at *3 (N.D. Ohio Jan. 7, 2015) (attorney error in the filing of a discretionary appeal to the Ohio Supreme Court where there is no Sixth Amendment right to counsel cannot constitute cause for a procedural default) (citation omitted). *Martinez* and *Trevino* announced a "narrow exception" to *Coleman's* general rule, holding that "[i]nadequate assistance of

counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 9. However, the Supreme Court has explicitly declined to extend the holding in *Martinez* to claims of the denial of the effective assistance of appellate counsel, *see Davila v. Davis*, — U.S. —, —, 137 S. Ct. 2058, 2063 (2017), and the *Martinez* exception therefore does not apply here. In *Gunner*, which Petitioner references, the Sixth Circuit held "that an Ohio habeas petitioner could assert as cause his direct-appeal appellate counsel's failure to advise him of the time limit for filing for post-conviction relief pursuant to Ohio Rev. Code § 2953.21." *McClain v. Kelly*, 631 F. App'x 422, 429 (6th Cir. 2015) (citing *Gunner*, 749 F.3d at 515–16, 520). But these circumstances do not exist here.

Thus, for these reasons and the reasons set forth in the Magistrate Judge's R&R, Petitioner's Objection, ECF No. 11, is **OVERRULED**. The R&R, ECF No. 10, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, — –U.S. ——. ——, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claims as procedurally defaulted and without merit. The Court therefore **DECLINES** to issue a certificate of appealability.

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON**
**United States District Judge**